### ROBERTS v. CARLISLE et al.

(Circuit Court of Appeals, Fifth Circuit.
January 8, 1925.)

No. 4390.

**Abatement and revival ⬦12—Plea in abatement held not sustainable.**

An action of trespass to try title in a federal court, brought by the grantee of a devisee under a will duly probated, *held* not subject to abatement because of the pendency in a state court of a suit by defendant to enforce specific performance of an alleged agreement by the testator to devise the property to defendant, of which claim plaintiff had no knowledge or notice when he acquired title.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action at law by Herbert Roberts against Eva Carlisle and Ralph S. Carlisle. From a judgment dismissing the petition, plaintiff brings error. Reversed and remanded.

William H. Clark, of Dallas, Tex. (William H. Clark, Jr., and Thomas C. Clark, both of Dallas, Tex., on the brief), for plaintiff in error.

Prentice Wilson, of Dallas, Tex. (Church, Read & Bane and Prentice Wilson, all of Dallas, Tex., on the brief), for defendants in error.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge. Plaintiff in error, who was also plaintiff below, brought this suit under the Texas statute, as an action in trespass to try title to a certain lot and improvements situated in the city and county of Dallas, said state.

Whereupon defendant moved to dismiss the petition, upon the ground that prior thereto she, with the aid and authorization of her husband, Ralph S. Carlisle, had filed in the state court for the Fourteenth district of Texas a suit for specific performance of an agreement with one F. G. Osborne, deceased, to make a will in her favor devising to her all of the property which he might own at his death, including the real property involved in this suit; that, instead of doing so, he had made a will in favor of one Minnie Bell Plummer, making her his sole legatee and appointing her executrix of his estate, which said will had been duly probated; that she, Eva Carlisle, was entitled to be decreed the owner of said property under the promised will or conveyance, which was made in consideration of services rendered and to be rendered to him, the said Osborne; and in the alternative, if it should be held that she was not entitled to a specific performance, then she should recover of the said legatee and executrix under said will the sum of $5,000 for services rendered in nursing, caring for, and attending the said Osborne through a long period of illness during the last few years of his life; that the proceeding in the state court was an action in rem involving the title of said property, and, that court having first acquired jurisdiction of the subject-matter, the present suit should be abated for want of jurisdiction, and in order to avoid an unseemly conflict between the powers of the state and federal courts.

In response to this plea, plaintiff filed exception averring, among other things, that the proceeding in the state court was one in equity, while this suit is one at law; that the law of Texas does not recognize an oral promise to make a will or to convey real property; that the will of deceased had been duly probated, and could not be thus collaterally attacked; that the same subject-matter was not involved, nor the same individuals parties litigant, in that Minnie Bell Plummer, devisee under the will, and her husband, T. L. Plummer, principal defendants in the

suit in the state court, were not parties here, and that at best that action could only be treated as one to recover a moneyed judgment for services rendered the deceased, a matter in which the present plaintiff was not concerned.

The court below overruled the exception, sustained the plea in abatement, and plaintiff prosecutes this writ of error.

While the allegations of the petition in this case are short and simple, merely submitting to the court the question of title under the statute, yet the plea in abatement discloses that a will apparently legal in form had been probated, and under its terms the devisee recognized and sent into possession, and that plaintiff claims under some sort of conveyance from the universal legatee. If this be true, then he could not be affected by any equitable claim or unrecorded oral agreement, between defendant Eva Carlisle and the deceased, to make a will conveying the property, which was never executed, as to which he is not alleged to have had notice, and to enforce which defendant has found it necessary to bring an action in the state court for specific performance. The whole estate is not involved here, but only the title to real property, consisting of a lot and improvements in the city of Dallas.

Granting even that, as against Mrs. Plummer and her husband, the defendant might, under the Texas law, be entitled to performance of a verbal agreement to convey under the will of the deceased, as to which we express no opinion, we do not see that this could affect the rights of Roberts, who apparently is a transferee of the legatee under a will actually made and probated. The plea admits—in fact alleges, as above pointed out—the making of the will in favor of Mrs. Plummer, its probation, and a conveyance by her to plaintiff of the property. It would seem clear, therefore, that plaintiff's recourse is against the legatee. There is not the slightest allegation, either in the plea in abatement or in the petition filed in the state court upon which it is based, that the plaintiff herein, Roberts, had any knowledge of or is in any way bound by the promises of Osborne, as to which, being a holder presumably upon the faith of the records, he is a stranger. In such circumstances, defendant asserting an equitable interest in the property under an alleged verbal promise to devise, the duty was upon her both to allege and prove knowledge on the part of plaintiff. Not having alleged it, she of course could not prove it. Meador Brothers, et al.

v. Hines (Tex. Civ. App.) 165 S. W. 915, and authorities cited.

We do not find it necessary to go into the question of whether or not under the Texas law an agreement of the kind alleged by the defendant in this case could be enforced. The issue is one of title under the pleadings above referred to, and its determination could not affect the right of the state court to hear and decide the questions presented in that forum. Besides, it is claimed by the defendant that the property involved here is worth approximately $4,000, and she has already filed in the probate court of the county where the will was probated a proceeding to compel the giving of bond on the part of Mrs. Plummer to protect whatever rights she may be held to have in that case.

For the reasons assigned, the judgment below is reversed, the plea in abatement is overruled, and this cause is remanded to the lower court, to be proceeded with according to law and to the views herein expressed.